Rana v. Sessions

BIA
Loprest, IJ
A205 301 041

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand eighteen.

PRESENT:
        DENNIS JACOBS,
        RAYMOND J. LOHIER, JR.,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

SHOHEL RANA,

                *Petitioner,*

        v.                                      17-1197
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

                *Respondent.*
_____

FOR PETITIONER:            Amy Nussbaum Gell, Gell & Gell,
                           New York, NY.

**FOR RESPONDENT:**     Chad A. Readler, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shohel Rana, a native and citizen of Bangladesh, seeks review of a March 28, 2017, decision of the BIA affirming a July 12, 2016, decision of an Immigration Judge ("IJ") denying Rana's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shohel Rana,* No. A205 301 041 (B.I.A. Mar. 28, 2017), *aff'g* No. A205 301 041 (Immig. Ct. N.Y. City July 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d

2

162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. We generally defer to the IJ with respect to demeanor because it "is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). "We defer . . . to an IJ's credibility determination" as a whole "unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that the agency's adverse credibility determination is supported by substantial evidence.

First, the agency reasonably relied on the dramatically different accounts in Rana's testimony and his father's letter about his uncle's alleged murder by political opponents. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). This

3

inconsistency alone was substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency regarding basis of applicant's asylum claim is substantial evidence). Further, the IJ relied on Rana's demeanor when asked to explain the inconsistency. Rana paused more than once, gave an inaudible response, testified to the truth of his father's account (that Rana was present for his uncle's murder) without explaining his prior testimony to the contrary, and ultimately stated that he did not understand. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Zu Guan*, 453 F.3d at 140.

Second, the adverse credibility determination is reinforced by additional demeanor findings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, the record supports the IJ's finding that Rana was evasive when he denied knowledge of groups affiliated with his party (the Bangladesh Nationalist Party ("BNP")), despite testifying to having been a president of the BNP.

Last, the agency reasonably found Rana's corroborating evidence insufficient to rehabilitate his credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An

4

applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Rana argues that his sister's death certificate should have been given more weight because it was authenticated; but the agency did not err in finding it insufficient to rehabilitate Rana's credibility. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's "evidence lie[s] largely within the discretion of the IJ." (internal quotation marks omitted)). The death certificate corroborates the sister's death, but does not establish that Rana's political opponents were responsible. In any event, there remained the inconsistency concerning the uncle's murder and whether Rana was present when it happened. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Rana also contends that the BIA failed to consider evidence corroborating his BNP membership. Although the

5

agency did not explicitly mention Rana's BNP letter, the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (internal quotation marks omitted), and "we presume that [the agency] has taken into account all the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen*, 471 F.3d at 336 n.17.

Given the foregoing findings, which called into question both Rana's allegations of past events and his political activities, the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. Contrary to Rana's assertion, the credibility determination is therefore dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court